IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

HORACE E. HOLLIS          )
                               )
v.                       ) NO. 3-14-2343
                               ) JUDGE CAMPBELL
WENDELL HOWARD, et al.     )

MEMORANDUM

Pending before the Court is Defendants' Motion to Dismiss (Docket No. 33), to which Plaintiff has filed a Response (Docket No. 49).[1] For the reasons stated herein, Defendants' Motion to Dismiss (Docket No. 33) is GRANTED, and this action is DISMISSED.

FACTS

Plaintiff alleges that Defendants have violated Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act by confiscating his fingerless wheelchair gloves. Plaintiff's Complaint alleges that he has been confined to a wheelchair since 2005. Because of his disability, Plaintiff avers, the Hardeman County Correctional Facility (where he is housed) has assigned another inmate to perform duties of helper and "wheelchair pusher" in assisting Plaintiff. Plaintiff asserts that he was transferred to the Charles Bass Correctional Complex in Nashville on several occasions in 2013 and early 2014 to attend court, and on all occasions, he was allowed to bring his fingerless wheelchair gloves.

Plaintiff claims that, on March 4, 2014, while he was at the Charles Bass facility, Defendant Howard confiscated Plaintiff's fingerless wheelchair gloves, which have not been returned to Plaintiff.

---

[1]      Defendants filed a Request for Leave to File Reply (Docket No. 42), which is GRANTED, and the Clerk is directed to file Defendants' Reply attached as Docket No. 42-1.

Defendants argue that Plaintiff's Complaint fails to state a claim under either the ADA or the Rehabilitation Act because the removal of his gloves has not prevented Plaintiff from accessing prison services, programs or activities.

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## ANALYSIS

Title II of the ADA provides that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, activities or a public entity, or be subjected to discrimination by any such entity. 42 U.S.C. § 12132; *Tennessee v. Lane*, 541 U.S. 509, 516-17 (2004). In order to establish a *prima facie* case under Title II, a plaintiff must show that he (1) has a disability, (2) is otherwise qualified, and (3) is being excluded from participation in, being denied the benefits of, or being subjected to

discrimination under the services, programs or activities of the public entity because of his disability. *Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015).[2] The standards of Plaintiff's ADA claim apply also in Plaintiff's Rehabilitation Act claim. *Mahon v. Crowell*, 295 F.3d 585, 588-89 (6th Cir. 2002).

Plaintiff here has not alleged that he was denied the ability to participate in programs or activities available to non-disabled inmates or that he has been denied the benefit of a service provided to non-disabled inmates. For example, he has not alleged an inability to get to court for his proceedings. Plaintiff admits that he has been assigned and received the benefits of another inmate to perform duties of helper and wheelchair pusher for Plaintiff.[3] Simply, Plaintiff has not alleged that the loss of his wheelchair gloves has prevented him from participation in, denied him the benefits of, or subjected him to discrimination under the services, programs or activities of the public entity because of his disability.

CONCLUSION

For these reasons, Defendants' Motion to Dismiss (Docket No. 33) is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

[2]     The test under Title II previously required that the discrimination be "solely" because of the plaintiff's disability, but the Sixth Circuit decision in *Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312, 317 (6th Cir. 2012) rejected the sole cause requirement. *See Anderson v. City of Blue Ash*, 798 F.3d 338, n.1 (6th Cir. 2015).

[3]     Although Plaintiff contends that he was capable of moving his own wheelchair with the aid of the wheelchair gloves, he has not alleged a denial of services or participation in programs or activities because of having someone else push his chair.